UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 5780 |
| | ) | |
| ANNA HILL-DOCKERY, | ) | |
| JOHN DOE, TERRY L. McCANN, | ) | |
| DR. PARTHARATH GHOSH, | ) | |
| TAMMY GARCIA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants' Dr. Partha Ghosh ("Ghosh") and Tammy Garcia ("Garcia") to dismiss Plaintiff Timothy Hall's complaint. Both defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); Ghosh additionally moves for dismissal under Fed. R. Civ. P. 21. For the following reasons, the motions pursuant to Fed. R. Civ. P. 12(b)(6) are granted and Ghosh's motion under Fed. R. Civ. P. 21 is denied as moot.

## BACKGROUND

According to the allegations contained in the complaint, which we must accept as true for purposes of this motion, Hall is currently incarcerated at Stateville Correctional Center ("Stateville") in Joliet, Illinois. Representing himself in this matter,

Hall claims that Defendant Anna Hill-Dockery ("Hill-Dockery") reassigned him to cell D731, pairing him with inmate Antoine Simmons. Simmons is alleged to have previously assaulted other inmates. On July 18, 2007, Hall issued written notice to Hill-Dockery indicating that he feared for his safety and requested to be reassigned to a different cell. On August 29, Hall orally repeated his request to Hill-Dockery; however, she refused to acknowledge either request.

Hall asserts that Simmons attacked him in an unidentified correctional officer's presence, causing lacerations and other injuries requiring medical attention. After being admitted to medical personnel for evaluation, he claims that he was denied proper treatment. The complaint indicates that Ghosh is responsible for this inadequate medical treatment.

The thrust of Hall's complaint is premised on the claim that Hill-Dockery knew of Simmons's dangerous propensity and should never have exposed him to such risk, which denied him of his Eighth Amendment right to be free from cruel and unusual punishment. Moreover, Hall asserts that he has exhausted his administrative remedies through the grievance process and that Garcia, a grievance officer, deliberately undermined the severity of his complaint by dismissing it.

Defendants Hill-Dockery and Terry McCann have answered the complaint. Both Ghosh and Garcia now move to dismiss Hall's complaint on the basis that it fails to

state a cognizable claim under Rule 12(b)(6); Ghosh additionally asserts that Hall has misjoined him in contravention of Rule 21.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). With these principles in mind, we turn to the parties' motions.

## DISCUSSION

### I. Ghosh

Ghosh argues that we should dismiss Hall's complaint on the basis that it fails to state a claim that Ghosh violated his constitutional rights in contravention of 42 U.S.C.

§ 1983. To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id.* That is, the official must possess knowledge about the conduct and facilitate, approve, condone, or turn a blind eye to it. *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983).

Hall refers to Ghosh in the "parties" section but fails to identify which treating physician did not provide adequate medical treatment. The balance of the complaint is silent as to whether Ghosh directed, had knowledge of, or consented to the alleged constitutional violation. *Jones*, 856 F.2d at 992. In his response to Ghosh's motion to dismiss, Hall restates that the collective defendants were unresponsive to his medical needs. Since Hall does not offer any allegation delineating Ghosh's involvement in the acts described in his complaint, nor does he supply the court with any convincing reasons in his response to the motion, we find the claim against Ghosh is too speculative and must be dismissed. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965.

Accordingly, we do not consider the issue of misjoinder because the claim against Ghosh is dismissed for its failure to state a claim.

## II. Garcia

Garcia similarly moves to dismiss Hall's complaint on the basis that it fails to state a cognizable claim against him under 42 U.S.C. § 1983. The Seventh Circuit has held that a prison official is not liable under § 1983 for merely ruling against a prisoner on an administrative complaint. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). However, a plaintiff can overcome this presumption by alleging personal involvement by showing that the defendant knew about the claimed constitutional violation and approved or condoned it. *Gentry*, 65 F.3d at 561. In his complaint, Hall alleges that he filed a grievance in accordance with Illinois law and that Garcia intentionally disregarded it, which violated his constitutional rights.

Garcia asserts that she works at Stateville as a grievance officer and her duties and involvement are limited to reviewing grievances. Hall does not allege whether she approved, condoned, or turned a blind eye to the alleged discrimination. In his response, Hall again broadly states that along with the other named defendants, Garcia personally participated in what he perceives as constitutional violations. He has neither pled sufficient facts that would infer Garcia was personally involved with the alleged ongoing violative activity nor provided any alternative argument by way of his written

response to Garcia's motion. To be cognizable, Hall must offer a set of facts in his complaint that permits a logical inference that Garcia approved or condoned the claimed constitutional violation. *Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969. As such, the court grants Garcia's motion to dismiss as Hall fails to state a cause of action.

## CONCLUSION

Based on the foregoing, the motions to dismiss Ghosh and Garcia pursuant to Fed. R. Civ. P. 12(b)(6) are granted. Ghosh's Fed. R. Civ. P. 21 motion is denied as moot.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:  May 27, 2009