UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 5780 |
| | ) | |
| ANNA HILL-DOCKERY et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Anna Hill-Dockery and Terry McCann ("Defendants") for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Timothy Hall ("Hall") is a *pro se* litigant currently incarcerated at Stateville Correctional Center ("Stateville"). According to the allegations in the complaint, Hall's constitutional rights were violated by the Defendants during his incarceration when Defendants failed to protect him from being physically assaulted by his cellmate on August 29, 2007. Hall sued under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights had been violated.

Hall's response is unsupported by the record.[1] On August 26, 2009, the court provided Hall with a statement regarding Local Rule 56.2, advising him of the required procedures for answering Defendants' motion in accordance with Rule 56.1. Despite this notice, Hall's statements either fail to cite to appropriate portions of the record or cite to evidence that does not support the fact asserted.[2] The Seventh Circuit Court of Appeals has "consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). While courts must construe *pro se* pleadings liberally, Hall's unrepresented status does not absolve him from complying with Local Rule 56.1. *See Greer v. Bd. of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). As Hall's response to Defendants' statement fails to comply with Local Rule 56.1, by operation of the rule all facts asserted by Defendants are admitted.

---

[1] When determining summary judgment motions, the court derives the operative facts from the parties' Local Rule 56.1 Statements. Local Rule 56.1 requires the moving party to file with the court a statement of undisputed material facts supported by appropriate citation to the record. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The non-movant is additionally required to submit a response to each of the movant's assertions and to provide appropriate citation to the record for any statements that the non-movant claims are in dispute. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).

[2] Hall's only citation to the record directs us to a letter he allegedly sent to Defendant Hill-Dockery. Hall relied on this letter to support his assertion that he requested to be moved because of an ongoing conflict with his cell-mate. The letter does not mention any ongoing conflict; therefore Hall's statement is unsubstantiated by the record.

The court therefore finds that the following facts, gathered from the Defendants' statement of facts, the plaintiff's sworn deposition, and other exhibits, are undisputed for the purposes of this motion.

In June 2007, Hall was placed in a cell with Antwan Simmons ("Simmons") at Stateville. Approximately two weeks after being placed in the cell with Simmons, Hall asked his correctional counselor, Defendant Hill-Dockery, to move him to another cell, stating that he and Simmons "just weren't getting along." Over the next few weeks, Hall made three additional requests for a transfer to Hill-Dockery, stating that "this just wasn't going to work." On August 26, 2007, Hall and Simmons had an argument during which Simmons threatened Hall. Hall never reported this incident to prison officials.

On August 29, 2007, Hall encountered McCann, the warden at Stateville, while returning to his cell after a meal. During their brief conversation Hall repeated his request to be moved to another cell, stating that he was in an uncomfortable situation. Later that same day, Hill-Dockery visited Hall and Simmons at their cell. During the visit, Hall once again asked Hill-Dockery to be moved. As Hall and Hill-Dockery discussed Hall's request, Hall and Simmons began to argue and Simmons threatened Hall during the exchange. Hill-Dockery then left to seek assistance. Eight correctional officers arrived at the cell prior to any physical altercation and ordered the inmates to

"cuff up" in an effort to prevent any violence. When Hall approached the bars of the cell to be handcuffed, Simmons attacked him from behind, knocking Hall unconscious.

Hall filed this suit on October 29, 2008, against a physician at the Stateville medical facility, a grievance officer, and Defendants. The physician and the grievance officer filed a motion to dismiss on the basis that Hall failed to state cognizable claims against them under 42 U.S.C. § 1983. We granted that motion on May 27, 2009. Defendants moved for summary judgment on October 13, 2009. We now turn to Defendants' motion.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In

considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). With these principles in mind, we turn to the Defendants' motion.

## DISCUSSION

The Supreme Court has held that "prison officials have a duty. . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). However, not every injury suffered by one inmate at the hands of another creates liability for prison officials under the Eighth Amendment; rather, the injury to the prisoner must be objectively and sufficiently serious[3], and the prison officials must have acted with deliberate indifference to the risk of this injury. *Id*. To prove that Defendants acted with deliberate indifference, Hall must show that Defendants had actual knowledge that Simmons posed a substantial risk of serious injury to Hall yet failed to take reasonable measures to abate it. *Id*. at 847; *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007).

Hall has not provided sufficient evidence to allow a reasonable trier of fact to conclude that Defendants actually knew that Simmons posed a substantial risk of

---

[3] The parties do not dispute that Hall's injuries were objectively and sufficiently serious.

serious injury to Hall. Hall has not shown that he communicated a threat to his safety during any of his interactions with Defendants. Hall's requests to be moved were premised on an inability or unwillingness to get along with Simmons without a specific reference to a fear for physical safety. In his first conversation with Hill-Dockery, Hall stated that he and Simmons were not getting along. In his second, third, and fourth conversations with her, Hall stated that the cell arrangement between him and Simmons "just wasn't going to work." Similarly, in his sole conversation with McCann on the day of the attack, Hall stated that he was in an uncomfortable situation. McCann therefore had no actual awareness of any specific threat to Hall's safety. Though Simmons did threaten Hall three days prior to the day of the attack, Hall did not disclose these threats to prison officials. Absent any evidence that Hall mentioned a threat of harm or indicated that Simmons might physically attack him in his communications with Defendants, a reasonable jury could not find that Defendants had actual knowledge that Simmons posed a substantial risk of serious harm to Hall. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (holding defendants had no actual knowledge of threat to prisoner's safety when prisoner "never informed jail officers of a specific threat").

Once Hill-Dockery possessed actual knowledge of a specific threat to Hall, she promptly responded. On the day of the attack, Simmons threatened Hall again during an oral altercation, this time in Hill-Dockery's presence. She quickly sought assistance

and caused eight officers to appear at Hall's cell prior to the attack. Prison officials are "free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. No reasonable juror could find that her actions on the day of the attack amounted to deliberate indifference.

Hall suggests that Defendants should have known about Simmons' propensity for violence. While the Seventh Circuit has found that a substantial risk of serious harm may exist where prisoners are placed in the same cell as an inmate known to have violent propensities, *see e.g.*, *Brown v. Budz*, 398 F.3d 904, 914-15 (7th Cir. 2005), Hall has not presented any evidence that Defendants were aware that Simmons had a violent past or violent tendencies. Without evidence that Defendants possessed such knowledge, a reasonable jury could not find that Defendants were aware of a threat to Hall's safety on this basis.

Though Hall made repeated requests for a transfer prior to Simmons' assault, the tenor of his requests indicated that his motivation was related to personality differences between him and Simmons; his letters and conversations make no mention of safety concerns. Hall has also not demonstrated that Defendants were aware of Simmons' alleged violent past prior to the August 29 incident. Though Hill-Dockery witnessed Simmons threaten Hall on that day, she did not ignore the threat but immediately sought assistance from corrections officers. Without some basis for finding that Defendants

actually knew Simmons posed a threat to Hall prior to August 29, a reasonable jury cannot conclude that Defendants were deliberately indifferent to a risk that Simmons would injure Hall. Because Defendants were not deliberately indifferent to a risk of harm to Hall, we conclude that Defendants did not violate Hall's rights under the Eight Amendment.

## CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:   February 8, 2010